IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-10422
(Summary Calendar)

---

JAMES EDWARD WHITEHEAD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

- - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
- - - - - - - - - - - - - - -
October 15, 1998
Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Petitioner-Appellant James Edward Whitehead seeks a certificate of appealability (COA) to appeal the dismissal without prejudice of his 28 U.S.C. § 2254 application, as procedurally barred for failure to exhaust state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). For the reasons hereafter explained, we grant COA, vacate the procedural ruling of the district court, and remand to that court for it to consider Whitehead's habeas claim.

I.
FACTS AND PROCEEDINGS

In 1982 Whitehead was convicted in state court of injury to a child and aggravated assault and was sentenced to two 20-year sentences, "stacked" to run consecutively. According to

Whitehead's § 2254 application, he was released on parole in February 1989 and returned to custody in July 1990 when he committed a new offense — murder — for which he was sentenced to 30 years, expressly to run concurrently with the two prior 20-year "stacked" sentences.

Whitehead filed the instant § 2254 application in July, 1996, challenging on due process and equal protection grounds the manner in which his time of incarceration is being calculated.[1] He argued in district court that his time should be calculated in reference to his two 20-year stacked sentences instead of his 30-year sentence, contending that, counting his calendar or "flat" time and his "good" time, he has discharged his original consecutive sentences and should no longer be held in confinement. Whitehead concluded that his 30-year sentence has been improperly stacked and that, as a result of the erroneous calculation of his time credits, he has been deprived of his discharge date and continues to be deprived of a proper review for parole eligibility. He insisted that the Texas Department of Criminal Justice (TDCJ) wrongfully extended his confinement because of its erroneous calculation of his time credits, principally by stacking the 30-year sentence which was ordered to run concurrently with the 20-year stacked sentences.

---

[1] An application for a writ of habeas corpus under § 2254 is the proper method for a prisoner's challenge to the calculation of his time credits. See Clarke v. Stalder, ___ F.3d ___ (5th Cir. Sep. 1, 1998, No. 96-30313) (en banc) slip. op. at 6-8.

2

Respondent-Appellee TDCJ Director Gary L. Johnson filed a motion to dismiss, arguing that Whitehead had failed to exhaust his state-court remedies. Whitehead responded that he had presented his claim in state writ No. W89-AO732-M(A), No. 12,537-09, which was denied without written order on January 10, 1996.

The magistrate judge recommended dismissing Whitehead's application for failure to exhaust state remedies, finding that even though he had raised similar grounds for relief in two state petitions, these claims were not the substantial equivalents of his federal claim, which was therefore not fairly presented to the state court. Whitehead objected, arguing that, when liberally construed, both his state application and his federal application extensively discuss the facts underlying his claim that he had been erroneously deprived of his "flat" time and "good" time credits. He argued that the magistrate judge's conclusion was based on the form and not the substance of his pleadings, insisting that the state court had had a fair opportunity to consider his claims. The district court adopted the magistrate judge's report, dismissed Whitehead's application, and refused to grant him a COA.

II.
ANALYSIS

A COA may be issued only if the prisoner has made a substantial showing of the denial of a constitutional right.[2] In an appeal such as this one, however, in which the applicant for COA

_____

[2]   See 28 U.S.C. § 2253(c)(2).

challenges the district court's dismissal for a reason not of constitutional dimension — here, failure to exhaust state remedies — the petitioner must first make a credible showing that the district court erred.[3]    Only if that is done will this court consider whether the petitioner has made a substantial showing of the denial of a constitutional right on one or more of his the underlying claims.[4]  Should we have any doubt about issuing a COA, though, we shall grant it.[5]

Whitehead argues that the district court abused its discretion in dismissing his application for failure to exhaust state remedies.  He contends that the magistrate judge's finding — that the claim advanced in his state application implicated the denial of "calendar" time while on parole — was based on only a partial review of the allegations made in his state application.  Referring to state writ application No. F89-AO732-PM, Whitehead contends that a thorough review of this state filing in its entirety reveals an extensive discussion of the facts underlying his claim for erroneous deprivation of both "flat" time and "good" time credits. He argues that this application, when liberally construed, contains the same facts that underlie his federal habeas claim.  As such,

---

[3]    See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997)(applying the COA standard to nonconstitutional issue of exhaustion of state remedies).

[4]    Id.

[5]    Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir.), cert. denied, 118 S. Ct. 399 (1997).

4

urges Whitehead, he is being denied his constitutional rights under the Eighth and Fourteenth Amendments because he is being deprived of his "flat" and "good" time credits as a result of an erroneous calculation. This, he again insists, deprives him of his discharge date and of a proper review of his eligibility for release on parole.

A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.[6] A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims.[7]

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.[8] In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals.[9] A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement.[10] The habeas applicant need not spell out each

---

[6] Rose v. Lundy, 455 U.S. 509, 519-20 (1982).

[7] Id.; see also 28 U.S.C. § 2254(b)(1)(A) (writ shall not be granted unless it appears that the applicant has exhausted state remedies).

[8] Picard v. Conner, 404 U.S. 270, 275-78 (1971).

[9] Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

[10] Picard, 404 U.S. at 275-78.

syllable of the claim before the state court to satisfy the exhaustion requirement.[11]  This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.[12]

A careful review of his state habeas application reveals that Whitehead did present essentially all the facts relating to his three convictions and his parole.  He asserted violations of the Due Process, Double Jeopardy, and Cruel and Unusual Punishment provisions of the U.S. Constitution purportedly resulting from the respondent's refusal to allow Whitehead credit for all of his "flat" time and taking away his mandatory release date.  He also contended that he was entitled to "flat" or calendar time from his release on parole until he was reincarcerated.  Whitehead also asserted that the total of his actual calendar time served plus his newly acquired "good" time equaled or exceeded his maximum term correctly construed and that the removal of his mandatory discharge date violated his constitutional rights.

Importantly, Whitehead attached to his state writ application a copy of a letter that he had written to a Ms. Byrd in the Texas Department of Criminal Justice records office, in which he detailed the manner in which he thought his "flat" time and "good" time should be calculated to determine his discharge date.  Moreover,

---

[11]    Lamberti v. Wainwright, 513 F.2d 277, 282 (5th Cir. 1975).

[12]    Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997), cert. denied, 118 S. Ct. 1845 (1998).

Whitehead asserted in this letter that his 30-year sentence was not aggravated or stacked, so that his time should be calculated on the two 20-year stacked sentences only.

True, the primary focus of Whitehead's state writ application is on a claim for "street" time while on parole; however, the factual representation in the letter attachment, liberally construed as part of his application, is the substantial equivalent of the factual basis of his federal application and should have been held to be a fair presentation of his claims to the state court.[13] We conclude that Whitehead has shown that the district court erred in dismissing his application for failure to exhaust, thus satisfying the first part of the Murphy test.[14]

When the first part of the Murphy test is thus satisfied, we must proceed to the second part: consideration whether the prisoner has made a substantial showing of the denial of a constitutional right on the underlying claims, as required for the grant of a COA.[15] If the district court in this case had gone on to address the merits of Whitehead's constitutional claims as an alternative to its procedural holding of failure to exhaust, consideration under the second part of Murphy would be the appropriate course of action because the district court's denial of COA would have encompassed the merits of the constitutional claims

---

[13]    Picard, 404 U.S. at 275-78.

[14]    Murphy, 110 F.3d at 11.

[15]    Murphy, 110 F.3d at 11.

7

as well as the failure to exhaust. But neither the respondent nor the district court has addressed the merits of the underlying constitutional claims presented in Whitehead's § 2254 application. Consequently, if in the instant COA application, we were to address the merits of Whitehead's constitutional habeas claims by applying the second part of the Murphy procedure, we would run afoul of the requirement that initially the district court deny a COA as to each issue presented by the applicant.

"A district court must deny the COA before a petitioner can request one from this court. The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court's determination in its own decisionmaking."[16] Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.[17]

According to Muniz, however, we do have jurisdiction to consider whether to grant or deny a COA on the issue of exhaustion only, because that is the only issue addressed in the district court's COA determination. In Murphy, we did not need to reach the second step because we determined that the district court's ruling — that the applicant had failed to satisfy the exhaustion

---

[16]    Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997).

[17]    Id. at 45.

8

requirement — was correct. Notwithstanding language in <u>Murphy</u> that would seem to suggest that we should proceed to examine the constitutional claims before granting a COA, <u>Muniz's</u> recognition that the COA requirement is jurisdictional as to each issue requires that, once we conclude that the district court erred in dismissing an application because of failure to exhaust, we vacate and remand to the district court to address the merits of the habeas claims in the first instance.

### III.
### CONCLUSION

Whitehead has shown that the district court erred in dismissing his application for failure to exhaust state remedies. We therefore grant a COA on that issue only.

The usual procedure after this court grants a COA is for the appeal to proceed to full briefing by all parties. In this instance, however, the sole issue before us — exhaustion of state remedies — is indisputably resolved by the petitioner's COA application and the record, making further briefing on that issue unnecessary. In <u>Clark v. Williams</u>,[18] we granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, vacated the district court's judgment, and remanded, all without requiring briefing. That procedure is appropriate here. We therefore vacate the judgment of the district court denying COA for failure to exhaust state remedies and remand

---

[18]    693 F.2d 381, 382 (5th Cir. 1982).

this case to that court to consider the substance of Whitehead's habeas claims.

COA GRANTED; Judgment VACATED and Case REMANDED.