IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30725
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-549
USDC No. 93-CR-20046-02
--------------------

September 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Francisco Lopez, federal prisoner # 56053-079, appeals the

district court's denial of his motion to vacate sentence pursuant

to 28 U.S.C. § 2255.  Lopez contends that the district court

erred in refusing to grant relief from a sentence imposed in

excess of the statutory maximum and in failing to consider his

assertions of double jeopardy and ineffective assistance of

counsel.  The district court denied relief on Lopez's excessive-

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentence claim because the issue could have been raised on direct appeal and Lopez had not shown cause and prejudice for his failure to do so.  United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)(en banc).  In his supplemental pleading following the Government's raising of procedural bar, Lopez did not attempt to show cause and prejudice for his default in not raising the issue of excessive sentence on direct appeal.  As a result, this portion of the district court's opinion is AFFIRMED.

However, Lopez is correct in asserting that the district court failed to consider his claims that he was subjected to double jeopardy and that his trial counsel was ineffective for failing to raise the double-jeopardy issue earlier.  This court lacks jurisdiction to consider claims not considered by the district court in determining whether to grant a certificate of appealability.  Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).  The district court's denial of relief under § 2255 is therefore VACATED IN PART and the case REMANDED so that the district court can consider the merits of these issues and whether Lopez can show cause for and prejudice from his failure to raise the issue of double jeopardy on direct appeal.

AFFIRM IN PART; VACATE AND REMAND FOR CONSIDERATION OF ISSUES ON THE MERITS.