IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30232
Summary Calendar
_____

MORRIS PRICE,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-3560-D)
--------------------

November 17, 1999

Before POLITZ, WIENER, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Morris Price, Louisiana prisoner #73632, appeals from the denial of his application for federal habeas corpus relief. Price contends that he received ineffective assistance of counsel, arguing that counsel failed to obtain disclosure of the CI's identity and to pursue an entrapment defense; and that counsel's cumulative errors violated his constitutional rights. Price also contends that, by failing to allow counsel adequate time to prepare for trial, the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied him effective assistance of counsel and, at the same time, violated the Due Process Clause.

The district court did not issue a certificate of appealability (COA) on Price's due process issue, and he does not seek a COA on that issue from us. We therefore lack jurisdiction to consider Price's due process contention. *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

Price has failed to show that counsel was deficient, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), or that the state trial court deprived him of effective assistance of counsel. First, the state-court record reflects that no motion for a continuance was made to allow newly retained counsel additional time to prepare for trial. The district court need not have granted a continuance on its own motion under the circumstances of Price's case. *See Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978). Second, the state-court record indicates that counsel in fact was aware of the identity of the confidential informant and that the state trial court ordered the cognizant police agency to comply with counsel's request for information regarding the confidential informant's reliability. Information about the confidential informant's alleged propensity to set up drug deals to further his own drug habit might have been relevant to an entrapment defense, but was not relevant to Price's defense that he was not involved at all in the drug transaction that led to his conviction. Indeed, an entrapment defense would have been

inconsistent with Price's denial of involvement, which he repeats to us.

AFFIRMED.