IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40786
Conference Calendar
_____

JAMES WILLIE DUKE, III,

Petitioner-Appellant,

versus

UNKNOWN PERSON CHANDLER, Warden,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-280
- - - - - - - - - -
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

James Willie Duke, III, federal prisoner # 24193-077, appeals the district court's denial of his habeas petition that invoked 28 U.S.C. § 2241. He also requests a certificate of appelability (COA) for claims arising under 28 U.S.C. § 2255. To obtain a COA, Duke must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When challenging a dismissal on procedural grounds, such as the dismissal for lack of jurisdiction presented here, Duke must make

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a credible showing that the district court erred when it dismissed his claim. *See Whitehead v. Johnson*, 157 F.3d 384, 386 (5th Cir. 1998).

Duke argues the following: (1) the district court erred when it dismissed issues arising under § 2255 that related to sentencing; and (2) the indictment in his underlying criminal trial was insufficient. Duke also filed a motion to supplement the record and a motion for appointment of counsel. These motions are DENIED.

To the extent that Duke has made a § 2241 claim relating to credit for time served in state prison, the judgment of the district court is AFFIRMED because Duke has failed to argue the issue on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Duke also has failed to make a credible showing that the district court erred when it dismissed his § 2255 claims relating to sentencing. *See Whitehead*, 157 F.3d at 386. This court will not consider the issue whether the indictment was sufficient because it was raised for the first time in Duke's request for COA. *See id.* at 388. Accordingly, Duke's request for COA is DENIED.

The portion of the judgment relating to § 2241 is AFFIRMED. COA is DENIED on all other issues. All other motions are DENIED.