UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10672
_____

JESSY CARLOS SAN MIGUEL

                              Petitioner - Appellant

        v.

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

                              Respondent - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-959
_____

February 2, 2000

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

     Jessy Carlos San Miguel appeals the district court's denial

of his petition for a writ of habeas corpus, arguing that the

court correctly decided San Miguel had a right to proceed pro se

on appeal, but erred in concluding that he had waived that right.

Subsequent to his filing this appeal, the Supreme Court held that

the United States Constitution does not require states to

recognize a right to appellate self-representation.  See Martinez

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

v. Court of Appeal of California, No. 98-7809, 2000 WL 16311 (U.S. Cal. Jan. 12, 2000). San Miguel, through counsel, has stated that this ruling disposes of his appeal.

San Miguel now seeks leave to file an application for a Certificate of Appealability ("COA") from this court with respect to another claim included in his federal petition for habeas relief. That claim raises the issue of whether the State violated San Miguel's due process rights by not providing him alleged exculpatory and material information as required under Brady v. Maryland, 373 U.S. 83 (1963). In the application for a COA from the district court, San Miguel raised only his self-representation claim. The district court granted a COA on the only issue before it, and thus it did not rule on whether a COA was warranted on the Brady claim. Because the district court has not ruled on this issue, we must deny San Miguel's request. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998) ("Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.").

For the foregoing reasons, we AFFIRM the district court's denial of San Miguel's petition, and DENY his request for leave to file an application for a COA from this court.