IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20194
Summary Calendar
_____


HOWARD RALPH RICH,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1500
--------------------
September 15, 2000

Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Howard Ralph Rich, Texas prisoner #847823, appeals the summary-judgment dismissal of his 28 U.S.C. § 2254 petition. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2). Any doubt about issuing a COA should be resolved in favor of granting it. Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).

Rich avers that the State withheld evidence in violation of Brady and that counsel was ineffective because he was operating under a conflict of interest. These claims are raised for the first time in Rich's brief in support of his request for a COA. This court lacks jurisdiction to review a claim raised for the first time in a COA application. Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Rich also avers that counsel was ineffective for failing to investigate and call witnesses. Rich has failed to make a substantial showing of the denial of a constitutional right with regard to this claim. See § 2253(c)(2)

Lastly, Rich contends that counsel was ineffective for advising him that a confession existed. Rich avers that because no confession existed, counsel's statement that the State was in possession of a confession was erroneous and rendered his subsequent guilty plea involuntary. Rich contends that had he known that there was no confession, he would have insisted upon going to trial.

Rich has made a substantial showing of the denial of a constitutional right with regard to this last claim. In light of the record as it stands, a genuine issue of material fact precluding the grant of summary judgment existed, namely, whether counsel told Rich that a confession existed. Rich has submitted a letter from counsel which lends support to his argument and should be considered by the district court in the first instance. The district court may wish to consider whether affidavits and/or

an evidentiary hearing is indicated.

Accordingly, we GRANT COA, vacate the district court's decision in part, and remand the case for development of the record and further findings of fact on the issue whether counsel was ineffective for advising Rich that a confession existed. COA is DENIED with regard to Rich's other claims.

COA GRANTED IN PART AND DENIED IN PART; JUDGMENT VACATED IN PART AND CASE REMANDED.