**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 01-20121
Summary Calendar
_____

MICHAEL LEWIS GARRETT,

Petitioner-

Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-

Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3824
---------------------------------------------------------
June 8, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Michael Lewis Garrett, Texas state prisoner # 800575, moves this court for a certificate of appealability (COA) to challenge the dismissal of his federal habeas petition as untimely under 28 U.S.C. § 2244(d). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas application on procedural grounds without consideration of the constitutional claims, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Garrett contends that the district court erred in dismissing his habeas petition as untimely because his "properly filed" state habeas application challenging the disciplinary convictions tolled the one-year limitations period, rendering his federal habeas petition timely filed. In dismissing Garrett's 28 U.S.C. § 2254 petition, the district court did not address Garrett's assertion in his 28 U.S.C. § 2254 petition that he filed a state habeas application, during the one-year limitations period of 28 U.S.C. § 2244(d), challenging the disciplinary convictions.

We therefore GRANT Garrett a COA, VACATE the dismissal of his 28 U.S.C. § 2254 petition, and REMAND this matter to the district court for further proceedings consistent with this holding. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). On remand, the district court should address whether Garrett filed a state habeas application challenging the disciplinary convictions at issue in his 28 U.S.C. § 2254 petition and the tolling effect, if any, of the pendency of the state habeas application. We express no opinion herein on the issue whether a Texas state habeas application challenging disciplinary proceedings can be "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

COA GRANTED; VACATED AND REMANDED.