**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-11170**
_____


**TORONTO MARKKEY PATTERSON,**

**Petitioner-Appellant,**

**versus**

**JANIE COCKRELL, Director,**
**Texas Department of Criminal Justice,**
**Institutional Division**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**3-99-CV-808-G**
_____

February 26, 2002


Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Toronto Markkey Patterson, a Texas prisoner, was convicted of capital murder and sentenced to death in 1995. After exhausting some of his claims in state court, Patterson filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Northern District of Texas. The district court denied his petition

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a writ of habeas corpus and then denied his application for a Certificate of Appealability ("COA"). Patterson now requests that this court grant him a COA to appeal the district court's denial of his habeas petition. See 28 U.S.C. § 2253(c). For the following reasons, Patterson's application for a COA is DENIED.

Patterson alleges four constitutional errors in his state court proceedings. The first is without merit, the second is waived, and the others are procedurally barred.

Patterson's first contention is that the Texas courts unreasonably failed to apply the rule of Crane v. Kentucky, 476 U.S. 683 (1986), to the facts of this case. According to Patterson, the detective who obtained his confession also had elicited a presumably false confession from another capital murder suspect who was later released from custody. Citing Crane, Patterson contends that he was denied a fair trial because the trial court excluded evidence regarding the interrogation tactics used to obtain the other murder suspect's confession. Patterson suggests that such evidence is probative of whether his own confession was reliable. To merit a COA on this issue, Patterson "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Patterson falls short of meeting this standard.

As the district court pointed out, Crane presented a much different factual situation. In Crane, the Supreme Court held that

"the blanket exclusion of the proffered testimony about the circumstances of petitioner's confession deprived him of a fair trial" and that the defendant should have been allowed to argue that his confession, although voluntary, was unreliable. Crane, 476 U.S. at 690-91. In this case, on the other hand, Patterson testified about the circumstances and conditions of his own interrogation, and Patterson's attorney questioned the detective who had conducted the interrogation. Patterson was by no means "stripped of the power to describe to the jury the circumstances that prompted his confession." Id. at 689.

Patterson contends, however, that the holding of Crane should be extended to cover situations involving the confessions of other suspects in unrelated offenses. But the Supreme Court has not extended Crane into new contexts such as the one presented here. The Court recently explained that its

> holding [in Crane] that the exclusion of certain evidence in that case violated the defendant's constitutional rights rested not on a theory that all "competent, reliable evidence" must be admitted. . . . Crane does nothing to undermine the principle that the introduction of relevant evidence can be limited by the State for a "valid" reason.

Montana v. Egelhoff, 518 U.S. 37, 53 (1996)(plurality opinion). In a later case, the Court reiterated this point:

> A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions. A defendant's interest in presenting such evidence may thus "'bow to accommodate other legitimate interests in the criminal trial process.'"

3

<u>United States v. Scheffer</u>, 523 U.S. 303, 308 (1998)(citations omitted). The Court went on to say that evidentiary rules "do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" <u>Id.</u> Consequently, <u>Crane</u> cannot be interpreted to convert every arguable misapplication of state evidentiary rules into an unconstitutional denial of a fair trial. Given the factual dissimilarities between <u>Crane</u> and this case, and the Supreme Court's refusal to extend <u>Crane</u>, no reasonable jurist could conclude that the district court erred in deciding that Patterson was not denied the right to a fair trial.

Patterson has raised three other issues: (1) The sentence of death violates a provision of a federal treaty, the International Covenant on Civil and Political Rights ("ICCPR"), regarding the execution of minors; (2) Patterson's counsel was ineffective for not raising the ICCPR issue in state court;[1] and (3) Patterson's counsel was ineffective for failing to discover and present mitigating evidence during the punishment phase of the trial.

The Supremacy Clause claim has never been raised in state or federal court and must be deemed waived. This court has held that the COA requirement of 28 U.S.C. § 2253(c) "is jurisdictional as to each issue." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 388 (5th Cir.

---

[1]Patterson attempted to raise this issue in a successive state habeas application, but this writ application was dismissed as an abuse of the writ.

4

1998). Because the district court had no opportunity to rule on this issue, this court is without jurisdiction to consider it on appeal. Id.

The latter two claims were raised for the first time in federal habeas proceedings. The district court ruled that these ineffective assistance claims are procedurally barred and that Patterson has not "demonstrate[d] that failure to consider the claims will result in a fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (explaining when a procedurally defaulted claim may be reviewable on federal habeas review). When a district court has denied a habeas petition on procedural grounds, a COA should issue only if the prisoner can show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. With these principles in mind, we turn to Patterson's two remaining claims.

Patterson asserts that he received ineffective assistance of counsel because his attorneys failed to raise the Supremacy Clause issue in state court. However, Patterson has not shown that reasonable jurists would find it debatable whether this issue presents a valid claim of the denial of his Sixth Amendment rights. Patterson cannot show that he was prejudiced by counsel's failure to raise this claim because this circuit has held unambiguously

5

that the International Covenant on Civil and Political Rights does not apply to capital cases tried within the United States. <u>Beazley v. Johnson</u>, 242 F.3d 248, 266-68, *cert. denied*, 122 S.Ct. 329 (5th Cir. 2001). Without a showing of prejudice, Patterson cannot plausibly claim the denial of a constitutional right under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Patterson's final claim is that his trial counsel was ineffective during the punishment phase of the trial. The district court ruled that this claim is procedurally barred because it was not raised in state court. Patterson contends that the issue is reviewable nevertheless because he can establish "cause" for his failure to present the claim to state court. <u>See</u> <u>Coleman</u>, 501 U.S. at 750. Specifically, Patterson maintains that the ineffective assistance of his state habeas counsel is adequate, excusable "cause" for his failure to raise this issue (i.e., the ineffective assistance of his trial counsel) in state habeas proceedings. The district court concluded that, because there is no constitutional right to counsel in post-conviction proceedings, any alleged deficiency of the state habeas counsel cannot serve as cause for the default. <u>See</u>, <u>e.g.</u>, <u>Martinez v. Johnson</u>, 255 F.3d 229, 241 (5th Cir. 2001). In light of clear Fifth Circuit precedent, Patterson's argument is unavailing, and reasonable jurists would not find debatable the district court's procedural ruling on this issue.

6

For the foregoing reasons, Patterson's application for a COA is DENIED.