United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10296
Summary Calendar

_____

GUY RAY BROWN,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-2277-P
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guy Ray Brown, Texas prisoner # 886305, convicted of two counts of aggravated robbery, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred under the one-year limitation period set forth in 28 U.S.C. § 2244(d).

A certificate of appealability was granted on this issue because Brown's objections in the district court and his brief filed in this court demonstrated that it was debatable whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown timely filed his 28 U.S.C. § 2254 petition.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2244(d)(2).

The respondent has filed a brief and the necessary documentation and concedes that Brown's 28 U.S.C. § 2254 petition was timely filed.  The state court records filed by the respondent indicate that Brown had a state habeas application pending from May 8, 2002, until September 11, 2002.  By operation of 28 U.S.C. § 2244(d)(2), which provides that the time during which a properly filed state habeas application is pending shall not be counted toward the limitations period, Brown's petition, which was signed on October 12, 2002, and filed on October 18, 2002, was timely filed.  The district court's judgment is therefore VACATED.

The district court's dismissal was based solely on the time-bar analysis, without an analysis of the merits of Brown's claims.  This case is therefore REMANDED to the district court for a determination of the merits of Brown's petition.  See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).

VACATED and REMANDED.