United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10259
Summary Calendar

UYI KING OSAYANDE,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL; BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT; COLIN L. POWELL, SECRETARY,
DEPARTMENT OF STATE,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CV-229
--------------------

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Uyi King Osayande, federal prisoner # 26653-077 and a
Nigerian native, was convicted of conspiracy to possess heroin
with intent to distribute and possession of heroin with intent to
distribute. He was sentenced to concurrent 136-month prison
terms. Because he was incarcerated, he was unable to submit new
fingerprints required for the processing of his naturalization
application. He filed a petition under 28 U.S.C. § 2241 seeking
to have the district court declare him a United States national

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and seeking to have his drug related convictions overturned. The district court dismissed his petition as an unauthorized 28 U.S.C. § 2255 motion, and Osayande appealed.

On appeal, Osayande offers no argument to challenge the district court's finding that he had failed to establish that 28 U.S.C. § 2255 did not provide an adequate or effective remedy for his constitutional claims against his convictions. By failing to challenge the district court's determination that his 28 U.S.C. § 2241 petition, to the extent it challenged his drug convictions, was an unauthorized successive 28 U.S.C. § 2255 motion, Osayande has waived review of that issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Osayande argues that, if the Immigration and Naturalization Service ("INS") had not unduly delayed the processing of his naturalization application, the INS would have used his original fingerprint, would not have uncovered his drug convictions, and would have approved his naturalization application. We will not consider this argument as it was not raised in the district court. *See Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998).

Finally, Osayande argues that the district court erred in failing to conduct an evidentiary hearing on his claim that he is a United States national and that he is therefore ineligible for deportation. The district court did not so err since it had no jurisdiction to declare Osayande to be a United States citizen or

national.  *See* 8 U.S.C. § 1421(a); *Lawrence v. Lensing*, 42 F.3d 255, 259 (5th Cir. 1994).

AFFIRMED.