United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20932
Conference Calendar

CLINTON W. DELESPINE,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2721
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clinton W. Delespine, Texas prisoner # 187450, has filed a

motion for a certificate of appealability (COA) to appeal the

district court's denial of his FED. R. CIV. P. 60(b) motion for

relief from the dismissal of his 28 U.S.C. § 2254 application

challenging his 1963 conviction and sentence for murder as

successive.

To obtain a COA, Delespine must make a substantial showing

of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When the district court has denied relief on procedural grounds, the applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Delespine does not challenge the district court's denial of his Rule 60(b) motion and argues only the merits of his habeas claims. Therefore, he has abandoned the issue and has failed to demonstrate that reasonable jurists would debate the district court's procedural ruling. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999); Slack, 529 U.S. at 484. Further, to the extent Delespine is raising new claims, this court does not have jurisdiction to consider claims raised for the first time in a COA motion. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). Accordingly, Delespine's motion for a COA is denied.

This is the ninth COA motion in which Delespine has failed to challenge the district court's reasons for dismissing his habeas application. This court recently sanctioned Delespine and barred him from filing in this court or in any court subject to this court's jurisdiction any pleading that challenges the aforementioned conviction and sentence until the $200 sanction is paid in full. See Delespine v. Quarterman, No. 04-20993 (5th Cir. June 21, 2006) (unpublished). This court also warned Delespine to review all pending appeals to ensure that they were

not frivolous.  <u>Id.</u> at 3.  Despite this court's warning, Delespine persists in the prosecution of the instant frivolous appeal, as well as the frivolous appeal in <u>Delespine v. Quarterman</u>, No. 05-20176.  Therefore, it is ordered that Delespine pay one monetary sanction of $100 to the Clerk of Court for both the instant case and <u>Delespine v. Quarterman</u>, No. 05-20176.  This amount is in addition to the $200 sanction imposed on June 21, 2006, in <u>Delespine v. Quarterman</u>, No. 04-20993, making the total sanctions $300.  Delespine is barred from filing in this court or in any court subject to this court's jurisdiction any pleading that challenges the aforementioned conviction and sentence until the $300 sanctions are paid in full.  Delespine is further cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions as will the failure to withdraw any pending matters that are frivolous.

COA DENIED; SANCTION IMPOSED; SANCTION WARNING ISSUED.