United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20462
Summary Calendar

ALEJANDRO GARCIA LOPEZ,

Petitioner-Appellant,

versus

NATHANIAL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1345
---------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alejandro Garcia Lopez, Texas prisoner # 1195889, seeks a
certificate of appealability (COA) to appeal the district court's
dismissal of his 28 U.S.C. § 2254 habeas petition for failure to
state a claim and as frivolous. The district court construed
Lopez's petition as raising only a claim relating to the denial
of parole and held that Lopez had no liberty interest in being
released on parole. Lopez was convicted following a guilty plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to driving while intoxicated and was sentenced to a term of imprisonment of fifteen years.

A COA may be issued only if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires that a petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Lopez argues that the district court erred in summarily dismissing his § 2254 petition because he had alleged the denial of a protected liberty interest. He contends that he was deprived of a liberty interest when he was denied "supervised release" once he was "declared eligible for parole." He states that he was twice "declared eligible for mandatory supervision" and that both times he was denied "parole." He argues that the denial resulted in a violation of his right to equal protection and due process.

Lopez's habeas petition did not raise a claim that he was denied equal protection. A petitioner cannot pursue claims raised for the first time in a COA motion. Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

It is unclear from Lopez's § 2254 petition whether he was alleging that he was entitled to release on mandatory supervision or on parole as he identified both kinds of release in his

petition.  Lopez has no liberty interest in being released on parole, but he may have a liberty interest in being released on mandatory supervision under current Texas law.  See TEX. GOVT. CODE §§ 508.147, 508.149; Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) (en banc).  Reasonable jurists would therefore find debatable the correctness of the district court's summary dismissal of the petition as frivolous and for failure to state a claim absent any clarification of the nature of Lopez's complaint.  Therefore, the motion for COA is granted, the judgment is vacated, and the case is remanded to the district court for further proceedings.

COA GRANTED; JUDGMENT VACATED AND CASE REMANDED.