# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-10522
USDC No. 5:06-CV-181
USDC No. 5:05-CR-102-ALL

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

v.

ROBERT JAMES JOHNSON,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Johnson, federal prisoner # 34555-177, moves for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction and sentence. Johnson contends that his counsel was ineffective for failing to argue that Johnson's state drug convictions did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not qualify as "controlled substance offenses" on which a U.S.S.G. § 4B1.1 enhancement could be based and for failing to file a requested notice of appeal.

To obtain a COA, Johnson must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Johnson did not raise in the district court the developed argument that he now presents with respect to his claim that his counsel was ineffective for not challenging whether the convictions were "controlled substance offenses."

Issues that are not before the district court for a COA ruling will not be considered for the first time in a COA motion in this court. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). To the extent that Johnson did challenge the characterization of his convictions as controlled substance offenses, he has failed to show that reasonable jurists could conclude that his counsel was ineffective for not challenging the use of those convictions to enhance his sentence under § 4B1.1. Accordingly, the motion for a COA is DENIED as to that issue.

In conjunction with his claim that his counsel provided ineffective assistance by failing to file a notice of appeal, Johnson alleged under penalty of perjury that he informed counsel that he wished to appeal. See 28 U.S.C. § 2253-(c)(2); Roe v. Flores-Ortega, 528 U.S. 470, 477, 483 (2000). Therefore, Johnson was not required to demonstrate that he would have presented meritorious issues on appeal. Id. at 485-86. Because the record does not conclusively show that Johnson did not ask counsel to file a notice of appeal, an evidentiary hearing is needed. See United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007).

Accordingly, the motion for a COA is GRANTED solely on the issue of ineffective assistance of counsel. The judgment is VACATED and the case REMANDED for further development. We express no view on how the issue should be handled or ultimately resolved on remand.