IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30872
USDC No. 3: 07-CV-795

JESSIE JAMES WILEY

Petitioner-Appellant

V.

HARVEY GRIMMER

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jessie James Wiley seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. §2254 application, in which he sought to challenge his 20-year sentence for possession with intent to distribute cocaine. He argues that his counsel was ineffective because he failed to challenge the participation on the jury of an employee of the Tensas Parish Sheriff's Department and a Tensas Parish patrolman.[1] Wiley contends that his counsel's

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wiley raised numerous other constitutional claims in his habeas petition before the federal district court. However, he has failed to argue any of these claims in his COA motion before this court. Accordingly, we consider these claims abandoned. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999). To the extent that Wiley's COA petition can be read to argue that his detention in a private

error enabled the impaneling of a biased jury and resulted in an inherently unreliable and unconstitutional trial.

To obtain a COA, Wiley must make a substantial showing of the denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When, as here, the district court dismisses a petition on the merits, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-El, 537 U.S. at 327.

Ineffective assistance of counsel claims are evaluated under the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Claims of ineffective assistance involve mixed questions of law and fact and are governed by the standards set forth in 28 U.S.C. § 2254(d)(1). See Briseno v. Cockrell, 274 F.3d 204, 206-08 (5th Cir. 2001). The district court denied Wiley's ineffective assistance claims concerning his counsel's failure to strike the allegedly biased jurors. The district court concluded that "[p]etitioner has not shown (nor can he show) that the district court's post-conviction decision was contrary to, or involved an unreasonable application of, clearly established Federal law; nor has he rebutted the presumption of correctness with regard to the court's findings of fact." However, the record before the district court did not include papers from the state court proceedings necessary to review the propriety of the state habeas court's conclusions (e.g., voir dire transcripts, transcripts from Wiley's motion for new trial, etc.). Accordingly, we find the district court's resolution of these claims debatable.[2]

---

prison violates his constitutional right to access the courts, we decline to consider this argument because Wiley raises it for the first time in his motion for COA to this court. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998)

[2] While we remand based on the incomplete state record, the magistrate judge's recommendation (which was adopted by the district court) raises our concern with regard to its application of Strickland's prejudice prong in the context of counsel's failure to strike biased jurors.

IT IS ORDERED THAT Wiley's motion for a COA is GRANTED as to his claims regarding counsel's ineffective assistance for failure to strike allegedly biased jurors. IT IS FURTHER ORDERED that the district court's judgment is VACATED with respect to the denial of these claims, and this case is REMANDED for further proceedings consistent with this opinion. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998) (recognizing that this court may grant COA, vacate district court's judgment, and remand without further briefing in appropriate cases); Saunders v. Sparkman, 236 Fed. App'x 103, 104-05 (5th Cir. June 11, 2007) (per curiam) (unpublished) (granting COA, vacating and remanding to district court for consideration in light of complete state record). On remand, the district court is encouraged to order the respondent to add to the record any portion of the state court papers necessary for the district court to conduct a meaningful review of the issues on which COA has been granted. If the records are unavailable, the court should consider whether an evidentiary hearing should be conducted.

In his motion for COA, Wiley also argues that the district court abused its discretion in denying his motion for appointment of counsel. Because we vacate the district court's judgment as to the only constitutional issue raised in Wiley's motion, we do not reach the district court's refusal to appoint counsel. If Wiley feels that counsel is necessary on remand, he may renew his motion for appointment of counsel before the district court.

---

For clarification in this regard on remand, we direct the district court to our opinion in Virgil v. Dretke, 446 F.3d 598 (5th Cir. 2006).