IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 08-50079
Summary Calendar

BRIAN K MCPHERSON

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-990

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Brian K. McPherson, Texas prisoner # 390173, moves for a certificate of appealability (COA) and to proceed in forma pauperis (IFP) to appeal the denial of his 28 U.S.C. § 2554 petition challenging disciplinary procedure # 20070275873. He argues that (1) although he lost no previously-earned good-time credits, the mandatory language and substantive predicates of the TDCJ-ID regulations created a liberty interest entitling him to procedural due process

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protections during his disciplinary proceeding and (2) he had a property interest in the craftshop tools confiscated as a result of his disciplinary conviction, which deprivation also required that he be afforded procedural due process protections.

With regard to his liberty interest claim, McPherson has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to his property interest claim, the district court did not address that issue below. We therefore DENY COA in part, GRANT COA in part, GRANT IFP, VACATE the district court's judgment and REMAND for the district court to consider only the property interest claim. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). The district court should consider whether McPherson has stated a cognizable claim under either 42 U.S.C. § 1983 or § 2254 and whether the procedural due process requirements of Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974), were satisfied.