# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2010

Lyle W. Cayce
Clerk

No. 09-10903
Summary Calendar

BARRY EMMETT,

Petitioner–Appellant,

v.

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CV-111

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Barry Emmett, Texas prisoner # 1383329, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging disciplinary procedure # 20090206103. He contends that his liberty and property interests were implicated by the denial of procedural due process during his disciplinary hearing. He alleged that his disciplinary conviction resulted in punishment of two weeks of solitary confinement, a demotion in his custodial status, and the forfeiture of $33.77 from his inmate account. Emmett

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeks remand to the Dallas Division of the Northern District of Texas rather than the Wichita Falls Division, asserting that the district court in the Wichita Falls Division is biased against him and lacks jurisdiction to adjudicate his case.

There is no merit to Emmett's contention that this case should be remanded to a division other than the Wichita Falls Division of the Northern District of Texas. With regard to his liberty interest claims, Emmett has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With regard to Emmett's claim that the forfeiture of $33.77 infringed his property interests, the district court did not address the issue below; the district court did not determine whether the claim is cognizable under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 and, if so, whether the procedural due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), were satisfied. We therefore DENY the motion for a COA in part, GRANT the motion for a COA in part, VACATE the district court's judgment, and REMAND for the district court to consider only Emmett's claim regarding the infringement of his property interest without procedural due process. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).