# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2011

Lyle W. Cayce
Clerk

No. 10-40681
Summary Calendar

ROBERT HAMPTON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-182

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Hampton, Texas prisoner # 760987, moves for a certificate of
appealability (COA) to appeal the denial of his 28 U.S.C. § 2554 application
challenging his disciplinary conviction. He contends that his liberty and
property interests were implicated by the denial of procedural due process
during his disciplinary hearing. He alleged that his disciplinary conviction
resulted in punishment of a reduction in his time-earning class, the loss of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

recreation and commissary privileges for 45 days, and the forfeiture of $710 from his inmate account.

With regard to his liberty interest claims, Hampton has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With regard to Hampton's claim that the forfeiture of $710 infringed his property interests, the district court did not address the issue below; the district court did not determine whether the claim is cognizable under 42 U.S.C. § 1983 or § 2254 and, if so, whether the procedural due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), were satisfied. We therefore DENY the motion for a COA in part, GRANT the motion for a COA in part, VACATE the district court's judgment, and REMAND for the district court to consider only Hampton's claim regarding the infringement of his property interest without procedural due process. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).