# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2011

No. 10-40143
Summary Calendar

Lyle W. Cayce
Clerk

MATTHEW THOMAS CLARKE,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-381

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Matthew Thomas Clarke, Texas prisoner # 478025, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 petition. Clarke is serving a 99-year sentence for aggravated sexual assault.

A COA may be issued only if Clarke has "made a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2). When the district court has rejected

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional claims on their merits, this standard is satisfied if the petitioner "demonstrat[es] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Clarke argues that the district court erred in allowing a second magistrate judge (MJ) to rule on the first MJ's report and recommendations and that the clerk of the district court erred in attaching the exhibits he submitted to the district court to his memorandum in support of his § 2254 petition instead of to the § 2254 petition. He also argues that Texas has instituted retroactive changes to its discretionary and automatic parole statutes, rules, regulations, policies, practices, and philosophy that present a significant risk of prolonging his sentence and therefore are in violation of the Ex Post Facto Clause. Although Clarke states that requiring the Texas Department of Criminal Justice to submit a future dangerousness report before his parole is granted violates the Ex Post Facto Clause, he offers no argument to support that claim. Accordingly, that claim has been abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Of the nine changes to the Texas discretionary parole system that Clarke alleges violate the Ex Post Facto Clause, the district court did not address his claims that the Ex Post Facto Clause was violated by requiring sex offenders to compete a sexual offender treatment program (SOTP) before being released on parole, by keeping violent offenders in prison longer to receive federal funds under the Truth-in Sentencing-Act, and by the State's passing of laws that make it tougher for violent offenders to be released on parole. We conclude that reasonable jurists could agree that these issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484. Accordingly, a COA is GRANTED IN PART on those issues. Because the district court did not expressly address those claims before it denied Clarke's § 2254 petition, we

No. 10-40143

vacate the judgment to the extent it denied relief on those claims and remand the case to the district court for consideration of those issues. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

Clarke has not made the showing required to obtain a COA with respect to his remaining claims. *See Slack*, 529 U.S. at 484. Accordingly, a COA is DENIED in all other respects. Clarke's motion for leave to proceed in forma pauperis is GRANTED. His requests for appointment of counsel, oral argument, and en banc consideration of his case are DENIED.

COA GRANTED IN PART; COA DENIED IN PART; VACATED IN PART AND REMANDED; IFP MOTION GRANTED; ALL REMAINING MOTIONS DENIED.