# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-51050
Summary Calendar

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY LEE WELLS, JR.,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:88-CR-32-1

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2017

Lyle W. Cayce
Clerk

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roy Lee Wells, Jr., federal prisoner # 40052-080, was sentenced in 1988 under the Armed Career Criminal Act (ACCA) to 480 months of imprisonment and five years of supervised release. Wells filed a motion invoking *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which invalidated the ACCA's residual clause, and 28 U.S.C. § 2255. The motion was denied, and Wells appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51050

Wells's brief requests a certificate of appealability (COA), which must issue for this court to exercise appellate jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (§ 2254 case). Wells's contention that *Johnson* applies retroactively and implicates the constitutionality of his conviction under the ACCA satisfies the threshold COA standard. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Nevertheless, we agree with the Government that Wells's claims are ultimately without merit in light of his three Texas controlled substance offenses. These convictions are ACCA predicates separate from residual clause offenses. *See* 18 U.S.C. § 924(e)(2)(A)(ii); *United States v. Vickers*, 540 F.3d 356, 363–66 (5th Cir. 2008). Further briefing is therefore unnecessary. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).

For these reasons, we GRANT Wells a COA; we GRANT the Government's motion for summary affirmance and AFFIRM; we DENY as unnecessary the Government's alternative request for additional time to file a brief; and we DENY Wells's motion to dismiss the indictment as moot.