# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2010

Lyle W. Cayce
Clerk

No. 09-30961
Summary Calendar

FREDDIE LEE TAYLOR,

Petitioner-Appellant

v.

TIMOTHY WILKINSON, WARDEN, WINN CORRECTIONAL CENTER,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-1913

Before KING, GARZA, and STEWART, Circuit Judges.

PER CURIAM:*

Freddie Lee Taylor, Louisiana state prisoner # 100971, requests a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 application, challenging his conviction for attempted manslaughter and possession of a firearm by a convicted felon. Taylor alleged in his § 2254 application that (1) an erroneous reasonable doubt jury instruction deprived him of a fair trial, (2) the erroneous admission of other crimes evidence deprived him of a fair trial, (3) the state withheld exculpatory evidence in violation of *Brady*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Maryland*, 373 U.S. 83 (1963), (4) an involuntary statement by a witness was admitted into evidence at trial, and (5) his counsel rendered ineffective assistance.

The district court dismissed Taylor's § 2254 application after determining that Taylor failed to exhaust state court remedies, specifically determining that the evidence before the court revealed that none of Taylor's habeas claims were presented in Taylor's initial state post-conviction application filed in the Eighth Judicial District Court. The district court also concluded, having examined Taylor's petition to the Louisiana Supreme Court, that even if Taylor properly presented his claims on state habeas, all except the *Brady* claim were waived because only the *Brady* claim involved federal law. The district court, in the alternative, also denied the *Brady* claim on the merits.

In addition to his COA application, Taylor has filed in this court a request for expansion of the record, seeking to supplement the record with a copy of his state post-conviction application filed in the Eighth Judicial District Court in July 2005. Taylor's motion to supplement the record is GRANTED.

A COA will be granted if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the applicant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court's denial of federal habeas relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The district court, in dismissing Taylor's § 2254 application for failure to exhaust state remedies, did not have before it a copy of the complete state court record and specifically did not have a copy of Taylor's July 2005 state application

for post-conviction relief, which Taylor has provided to this court. A review of the claims raised in Taylor's state post-conviction application reveals that the issue whether Taylor exhausted state court remedies merits further investigation. Although the district court's conclusion that only the *Brady* claim was based on federal law may ultimately resolve the case, see *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993), the district court needs to determine whether that conclusion is still valid in light of the expanded record. Taylor has shown that reasonable jurists would debate the district court's determination, made without the benefit of a complete state court record, that Taylor had failed to exhaust his § 2254 claims in state court. *See Slack*, 529 U.S. at 484.

In order for a COA to issue, Taylor must show not only that reasonable jurists could debate whether the district court was correct in its procedural ruling, but also that reasonable jurists could find it debatable that the petition states a valid claim of the denial of a constitutional right. 28 U.S.C. § 2253(c); *Slack*, 529 at 484. The district court declined to address the merits of all but Taylor's *Brady* claim, which it denied on the merits in the alternative. Thus, we are faced with a situation in which we are to evaluate whether Taylor's petition states a valid claim of the denial of a constitutional right when the district court reached the merits of only one of several claims.

As we explained in *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004), "[p]erforming the merits-based portion of the COA inquiry [where a district court has dismissed a habeas petition on procedural grounds] does not necessarily work in the same way as it would if the district court had passed on the merits of [the] petition." When the district court's judgment is on procedural grounds, the district court "may or may not have received briefing from the parties or had access to the underlying state records pertinent to the merits." *Id.* Ultimately, "[i]f those materials are unclear or incomplete, then COA should be granted, and the appellate panel, if it decides the procedural issue favorably to the petitioner, may have to remand the case for further proceedings." *Id.*

3

In this case, the district court did not order respondent to submit briefing addressing any of Taylor's claims nor did the court order respondent to add to the record any portions of the state court papers, including transcripts. Given the limited record, it is impossible to evaluate whether reasonable jurists would find it debatable that the issues raised in the petition on which the district court's ruling was solely procedural state valid claims of the denial of a constitutional right. *See id.*

The district court did, however, address the merits of the *Brady* claim. Accordingly, we are more readily able to evaluate whether reasonable jurists would find that the petition states a valid claim of the denial of a constitutional right premised on *Brady*. The district court construed Taylor's *Brady* claim as arguing that the State withheld, in violation of *Brady*, evidence consisting of surveillance tape(s). The district court, apparently without access to the tape(s) or to the trial transcript, acknowledged that the surveillance tape(s) as described appeared to contain exculpatory evidence. The court held, based on hand-written excerpts of the trial testimony that Taylor provided, that the evidence was not suppressed because a witness testified at trial and described the surveillance tape(s), providing exculpatory evidence. The court made no findings as to whether the tape was ever disclosed to the defense, the circumstances of the disclosure, or whether the defense knew in time to effectively use the evidence at trial. *See Powell v. Quarterman*, 536 F.3d 325, 335 (5th Cir. 2008). Because the court determined that the evidence was not suppressed without access to the trial transcript or a more complete record, reasonable jurists would debate the district court's denial of Taylor's *Brady* claim. Because the problem with the merits determination is tied up with the deficient record, the *Houser* rational for issuing COA, vacating, and remanding applies to the *Brady* claim as well. *See Houser*, 395 F.3d at 562.

In conclusion, Taylor's motion to supplement the record is GRANTED. For the aforementioned reasons, COA is also GRANTED. IT IS FURTHER

ORDERED that the judgment is VACATED, and this case is REMANDED to the district court for further proceedings consistent with this opinion. *See Houser*, 395 F.3d at 562; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998) (stating that this court may grant COA, vacate judgment, and remand without requiring further briefing in appropriate case). We express no opinion on the ultimate resolution of Taylor's habeas petition.