**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2011

Lyle W. Cayce
Clerk

No. 11-30325
Summary Calendar

YUL SINGLETON,

                                    Petitioner-Appellant,

versus

LYNN COOPER, Warden,

                                    Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:09-CV-3188

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Yul Singleton, Louisiana prisoner # 302953, seeks a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 application chal-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lenging his 2004 conviction and sentence for armed robbery. The district court dismissed the application without prejudice for failure to exhaust state court remedies, reasoning that although Singleton exhausted his claims that (1) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding significant, exculpatory, and impeachment evidence regarding perjured testimony at trial; and (2) the state knowingly used perjured testimony at trial, Singleton had failed fully to exhaust his ineffective-assistance-of-counsel claims.

Aside from reasserting that he was not required to exhaust his claim that trial counsel was ineffective in failing to file a motion to reconsider the sentence, Singleton does not challenge the determination that he failed properly to exhaust his other ineffective-assistance claims and that his original § 2254 application was a mixed application subject to dismissal without prejudice for failure to exhaust state-court remedies. Those issues are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that although *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments to preserve them).

Singleton instead contends that reasonable jurists would debate whether the district court erred when it dismissed his § 2254 application without acknowledging his election to dismiss the unexhausted claims and proceed with only his exhausted claims. According to Singleton, had the district court recognized his election, it would have determined that his application was no longer a mixed application, so it would have addressed the merits of his exhausted claims. He also contends that reasonable jurists would debate whether he has made a substantial showing of the denial of a constitutional right as to his exhausted claims that (1) trial counsel was ineffective in failing to file a motion to reconsider the sentence; (2) the state violated *Brady* by withholding significant, exculpatory, and impeachment evidence regarding perjured testimony at trial; and (3) the state knowingly used the perjured testimony at trial.

In his timely objection to the magistrate judge's report and recommenda-

tion, Singleton explicitly chose to dismiss his unexhausted claims and proceed with only the exhausted claims. The district court considered the objection but did not address the election to proceed with only the exhausted claims. Therefore, Singleton has shown that reasonable jurists would debate whether the court abused its discretion when it dismissed his § 2254 application for failure to exhaust without acknowledging his election to amend his application to delete the unexhausted claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Because the record is not sufficient to determine whether reasonable jurists could debate whether Singleton has made a valid claim of a constitutional deprivation, a COA is GRANTED on the procedural issue of whether the district court abused its discretion when it dismissed Singleton's § 2254 application for failure to exhaust state court remedies without acknowledging his election to amend his application to delete the unexhausted claims.. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). Further briefing on this procedural issue is unnecessary. The judgment is VACATED and REMANDED for further proceedings. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). We express no view on the ultimate disposition of the § 2254 application. Singleton's motion for leave to proceed *in forma pauperis* on appeal is GRANTED.