United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10066
Summary Calendar

BRUCE WAYNE HOUSER,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before JONES, BARKSDALE and PRADO, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Bruce Wayne Houser, Texas prisoner # 460890, moves for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust administrative remedies and as procedurally barred. In that petition, Houser alleged due process violations in connection with prison disciplinary proceeding # 20020003898. Houser has demonstrated that reasonable jurists could debate whether the district court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000). However, he fails to establish that reasonable jurists could debate whether he has

claimed a valid deprivation of his constitutional rights.  See id.
**COA IS DENIED.**

The district court found that Houser failed to exhaust his state remedies because he had not filed his Step 1 grievance in a timely manner and, further, that he had failed to file a Step 2 grievance.  Both of these findings are rendered questionable by the record, which indicates that Houser's Step 1 grievance was received on the first working day beyond the fifteen-day period allotted for filing grievances and, per the Offender Grievance Operations Manual, was therefore timely.  Also, contrary to the district court's finding, the record contains a copy of Houser's Step 2 grievance and the response issued by prison authorities.  The district court's determination of failure to exhaust is at best suspect.

However, for a COA to issue, Houser must prove not only that reasonable jurists could debate whether the district court was correct in its procedural ruling, but also that reasonable jurists could find it debatable that the petition states a valid claim of the denial of a constitutional right.  28 U.S.C. § 2253(c); Slack, 529 at 484, 120 S. Ct. at 1603-04.  This coequal portion of the appealability test "gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying claims."  Slack, id. Accordingly, we must consider whether "reasonable jurists would find the district court's assessment of the constitutional claims

2

debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338, 123 S. Ct. 1029, 1040 (2003).

Performing the merits-based portion of the COA inquiry in this context does not necessarily work in the same way as it would if the district court had passed on the merits of Houser's petition. Where a district court has dismissed a habeas petition on procedural grounds, it may or may not have received briefing from the parties or had access to the underlying state records pertinent to the merits. Perhaps recognizing this possibility, the Supreme Court counseled in Slack that the appellate court may resolve a COA on either the procedural or merits basis, depending on which issue's "answer is more apparent from the record and arguments." Slack, id. Thus, while a COA may be denied where the appellate court finds the procedural issue "debatable" but the petitioner's substantive claims "meritless" (as defined by Miller-El), the latter part of the assessment cannot fairly be made without adequate record support.

The following approach seems best to articulate what Slack had in mind: Assume that petitioner has stated a "debatable" issue concerning the correctness of the district court's procedural denial of habeas relief. Then, if the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation, a COA will issue. If those same materials make it clear that reasonable jurists could not debate

3

whether the petitioner has made a valid claim of a constitutional deprivation, the COA will be denied.  See Hall v. Cain, 216 F.3d 518, 521 (5th Cir. 2000).  If those materials are unclear or incomplete, then COA should be granted, and the appellate panel, if it decides the procedural issue favorably to the petitioner, may have to remand the case for further proceedings.

Here, looking to Houser's application for a COA, his original petition, the district court's opinion, the record, and the briefs filed in the district court on behalf of Dretke, and finding all ambiguities in Houser's favor, it is clear that no reasonable jurist could debate that Houser fails to state a constitutional deprivation for which habeas relief is warranted.

In Wolff v. McDonnell, the Supreme Court held that prisoners in good time credit revocation proceedings are protected by the due process clause.  418 U.S. 539, 558, 94 S. Ct. 2963, 2976 (1974).  Namely, prison officials must meet three due process requirements:  (1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence.  Id. at 563-68, 94 S. Ct. at 2978-80.  This third requirement is limited:  confrontation and cross-examination of witnesses is not constitutionally required. Most importantly to this case, prison officials may, in their

4

discretion, limit the number of witnesses called without offering an explanation to the prisoner.  Id.

Houser does not dispute that he received twenty-four hours advance notice of the hearing or that there was evidence in support of the factfinders' decision.  Therefore, his only due process claim is under the third McDonnell requirement.  Houser did not offer any documentary evidence at the hearing.  He also failed to offer the names of the witnesses he proposed to call at the hearing.  Even if he had done so, prison officials were not required to permit the testimony or offer reasons for prohibiting the testimony.  See id.  Houser now identifies the other prisoners whose affidavits he claims he wanted to introduce, but he never presented those affidavits to the prison officials at the hearing. His lone constitutional claim, therefore, is that his witnesses were not permitted to testify.  No reasonable jurist could find debatable the absence of a constitutional claim on these facts.

For these reasons, Houser's request for a COA is DENIED.