United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-70052

WILLIE MARCEL SHANNON,

Petitioner-Appellant,

versus

DOUG DRETKE, Director, Texas Department
of Criminal Justice, Correctional
Institutions Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:02-CV-00819)
--------------------

Before JONES, Chief Judge, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Willie Marcel Shannon ("Shannon") applies for a certificate of appealability (COA) on the issue whether the district court properly dismissed his federal habeas petition as untimely. For the following reasons, we find that Shannon's application is without merit.

I. **BACKGROUND AND PROCEEDINGS**

In November 1993, Shannon was convicted and sentenced to death for the carjacking and murder of Benjamin Garza. The Texas Court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Criminal Appeals affirmed on December 11, 1996. Shannon declined to seek review in the United States Supreme Court within 90 days, so his conviction became final on April 29, 1997.[2] Shannon filed his state application for post-conviction relief on April 13, 1998, and the Texas Court of Criminal Appeals denied it on September 12, 2001.

On March 1, 2002, Shannon filed for federal habeas relief. The State moved the district court to deny Shannon's petition as untimely. In July 2005, the district court granted the State's motion to dismiss and denied Shannon a COA on its dismissal.

## II.  DISCUSSION

### A.    Standard of Review

When a petitioner seeks a COA for a district court's dismissal of his habeas petition on a procedural ground, such as time bar, he must prove to us that reasonable jurists could debate whether the district court's procedural ruling was correct.[3] In addition, he must demonstrate that reasonable jurists could debate whether his underlying petition states a valid claim of a denial of his constitutional rights.[4] In making the second determination, we

---

[2]Foreman v. Dretke, 383 F.3d 336, 340 (5th Cir. 2004) (Texas prisoner's conviction is final for purposes of federal habeas review 90 days after the Texas Court of Criminal Appeals denies petition for review and the prisoner declines to seek review in the United States Supreme Court).

[3]Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[4]Id.

2

consider the district court pleadings, the record, and the petitioner's application for a COA.[5] "If those materials are unclear or incomplete," we will resolve the issue in favor of the petitioner.[6]

**B.    Applicable Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year limitations period for the filing of a federal habeas petition.[7] Thus, a petitioner must file his petition within one year from the date that his conviction becomes final. The one-year statute of limitations, however, is not absolute. AEDPA provides that the limitations period is tolled while a properly-filed application for state post-conviction relief is pending.[8] We have recognized that the AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances."[9]

**C.    Merits**

Shannon concedes that he filed his federal habeas petition after the AEDPA limitations period had expired. This is because the limitations period began to run on April 29, 1997, when his conviction became final. Not quite one year later, on April 13,

---

[5]Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).

[6]Id.

[7]28 U.S.C. § 2241(d).

[8]Id. at § 2244(d)(2).

[9]Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

3

1998, Shannon filed for state post-conviction relief. Shannon's state petition stopped the AEDPA clock with 17 days remaining in which he could timely file a federal habeas petition. When the state court denied his petition on September 12, 2001, the AEDPA limitations period began to run again. More than 150 days later, Shannon filed his federal petition for post-conviction relief, long after those remaining 17 days had passed. Shannon's petition is therefore untimely.

Shannon nevertheless contends that his petition is timely because he is entitled to equitable tolling, citing to an Agreed Order of Dismissal Without Prejudice in a class action case, <u>Pyles v. Dretke</u>.[10] In that case, the plaintiff class included Texas death row inmates who had not filed for state post-conviction relief and were affected by a new state statute specifying that state habeas petitioners were entitled to appointed counsel for their post-conviction proceedings. The plaintiff class and the State stipulated in the Order of Dismissal that the time between a prisoner's request for state habeas counsel and the time counsel was appointed would not count toward the calculation of the AEDPA limitations period.

Here, the parties dispute whether the stipulation applies to Shannon, but we conclude —— as did the district court —— that even if it does, it is of no help to Shannon. He requested counsel for

---

[10]No. 396-CV-2838-D (N.D. Tex. Dec. 2, 1996).

his state habeas proceedings, and counsel was appointed July 10, 1997. Assuming arguendo that the Pyles stipulation tolls the AEDPA limitations period here, it would have enlarged the time in which Shannon could file his federal application by only 72 days.  As Shannon's petition was more than 150 days late, his  petition was still untimely, even with the putative benefit of the Pyles stipulation.

Undeterred, Shannon urges that we equitably toll the limitations period to permit the filing of his petition.  He argues that the State, in failing to inform him of the Pyles stipulation, actively misled him as to the deadline for filing his habeas petition and caused him to file his petition late.  First, Shannon raised this equitable tolling theory for the first time in a Rule 59(e) Motion to Alter or Amend the Judgment.  A Rule 59(e) motion "must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.  These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, they cannot be used to argue a case under a new legal theory.'"[11]

Even if we were inclined to consider the substance of Shannon's argument, we would conclude that it is wholly without merit.  We have repeatedly noted that equitable remedies are not

---

[11]Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

5

intended for those who sleep on their rights.[12] Shannon complains that the State's allegedly misleading behavior induced him to file his petition late. The circumstances of the proceedings below, however, render Shannon's assertion dubious at best. Assuming the applicability of the Pyles stipulation, Shannon had approximately 70 days from his first appearance in federal court to file his habeas petition, and approximately 40 days in which to do so after appointment of federal habeas counsel. Shannon, however, did nothing during that time.

Moreover, the district court's scheduling order set a January 2, 2002 filing deadline for Shannon's habeas petition, yet he did not file his petition until March 1, 2002 — almost 60 days after his petition was due under the scheduling order and more than 150 days after his initial filing in federal court. We do not note Shannon's non-compliance with the scheduling order to imply that filing by the deadline set in such an order necessarily insulates a petitioner from AEDPA's limitations period: It does not.[13] We mention it only as further evidence of his lack of vigilance in pursuing his habeas petition. Considering the totality of the circumstances, we are convinced that Shannon is not entitled to equitable remedy.[14] The district court's denial of a COA is

---

[12]See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

[13]See Fierro v. Cockrell, 294 F.3d 674 (5th Cir. 2002).

[14]Because Shannon's equitable tolling arguments are groundless, we need not consider the State's additional, and also

6

AFFIRMED.

_____

potentially dispositive, points that (1) Shannon cannot urge
before this court arguments he raised for the first time in a
Rule 59 motion in the district court, and (2) Shannon failed to
comply with Slack because he has not asserted any constitutional
claims that could be debatable among reasonable jurists.