United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51552
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN DOUGLAS JULIAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-169
USDC No. 6:03-CR-252-ALL
---------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Stephen Douglas Julian, federal prisoner # 35886-180, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion relative to his guilty-plea conviction for manufacturing methamphetamine within 1000 feet of a school. In his motion, Julian argued that trial counsel rendered ineffective assistance at sentencing and that his sentence ran afoul of United States v. Booker, 543 U.S. 220 (2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies [collateral relief] on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Julian fails to address the district court's determination that Booker does not apply retroactively to cases on collateral review. Accordingly, he is deemed to have abandoned the issue on appeal. Yohey v. Collins, 985 F.2d 222, 224-25. COA is DENIED as to this issue.

However, Julian has made a substantial showing of the denial of a constitutional right with regard to his claim that the district court erred in finding that the appeal-waiver provision in his plea agreement barred his claim that counsel was ineffective at sentencing. Although Julian waived his right to challenge his sentence in any postconviction proceeding, he specifically reserved the right to challenge his sentence based on a claim of ineffective assistance of counsel. Accordingly, COA is GRANTED as to this issue, the district court's judgment of dismissal is VACATED in part, and the case is REMANDED to the

district court to consider the merits of Julian's ineffectiveness claim.  See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). Julian's motion to proceed in forma pauperis (IFP) is GRANTED.

COA DENIED IN PART AND GRANTED IN PART; JUDGMENT VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS; IFP GRANTED.