**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-41275
Summary Calendar

MOSES GALINDO,

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:08-CV-56

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2000, Moses Galindo, Texas prisoner # 1105533, pleaded guilty to a charge of aggravated assault with a deadly weapon; he was sentenced to ten years of deferred adjudication probation. In 2002, his probation was revoked, he was adjudicated guilty, and he was sentenced to 15 years of imprisonment. Galindo seeks a certificate of appealability (COA) from this court to appeal the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's dismissal of his 28 U.S.C. § 2254 application challenging this conviction. The district court found that Galindo's application was time barred.

A COA will issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a habeas application has been dismissed on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Galindo argues that the district court erred in dismissing his application as time barred. Although the district court may sua sponte raise the issue of timeliness, Galindo was not given the required notice and opportunity to respond to the question of the timeliness of his application. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Accordingly, reasonable jurists could debate the correctness of the district court's procedural ruling. *See Slack*, 529 U.S. at 484.

The record and COA application also show that reasonable jurists could debate whether Galindo has made a valid showing of a constitutional deprivation as to at least two of his underlying claims: ineffective assistance of counsel and that he was not competent to enter a valid plea. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). He has not shown that reasonable jurists could debate the validity of his remaining constitutional claims. We therefore grant Galindo a COA to appeal the district court's dismissal of his § 2254 application as time barred, vacate the district court's dismissal of the § 2254 application as time barred, and remand to the district court for further proceedings consistent with this opinion. Other than to reiterate that Galindo must be given an opportunity to respond to the time-bar issue below, we express no opinion on the ultimate outcome of the proceedings.

COA GRANTED; VACATED AND REMANDED.