**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-40369
Summary Calendar

ROBERT KELLY RAWLES

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-42

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

A jury convicted Robert Kelly Rawles, Texas prisoner # 1086887, of aggravated sexual assault of a child and sentenced him to 20 years in prison. Rawles initially did not appeal the decision, but later was permitted to file an out-of-time appeal by the Texas Court of Criminal Appeals. The district court dismissed his 28 U.S.C. § 2254 application as time barred, and this court denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a COA. However, we granted Rawles's motion for reconsideration in light of the Supreme Court's decision in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009).

A COA will issue only if Rawles has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because his habeas application was dismissed on procedural grounds, Rawles must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Jimenez* instructs that, in cases such as this, the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) begins when the out-of-time appeal becomes final. 129 S. Ct. at 685-87. We thus conclude that Rawles's application was filed timely. Accordingly, we turn to the question of whether Rawles has stated a valid claim for the denial of a constitutional right. *See Slack*, 529 U.S. at 484; *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Rawles asserts, inter alia, that his trial counsel was ineffective because counsel failed to call any witnesses or to offer any evidence in support of Rawles's alibi claim or his defense that he could not have committed the crime because the victim had a venereal disease and he did not. Rawles also raised these claims in his out-of-time appeal in state court. The state appeals court declined to decide the issues because the record did not reflect facts necessary to support the claims.

Because the district court did not consider the substance of Rawles's claims, the record remains insufficiently developed with respect to his claims that counsel was ineffective. We therefore grant Rawles a COA on the issue of the timeliness of his § 2254 application. *See Houser*, 395 F.3d at 562. The judgment of the district court denying a COA on the timeliness issue is vacated, and we remand this case for consideration of the substance of Rawles's habeas

claims.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).  We express no sentiment on the ultimate outcome of the proceedings.

COA GRANTED; VACATED; REMANDED.