# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-30543
Summary Calendar

WARREN SCOTT, III,

> Petitioner-Appellant

v.

CORNEL H. HUBERT,

> Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-11

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Warren Scott, III, Louisiana prisoner # 463618, filed a 28 U.S.C. § 2254 petition. Scott challenged two convictions for unauthorized entry of an inhabited building, one for aggravated burglary, and one for sexual battery. The district court found Scott's petition untimely to the extent that it challenged the unauthorized entries and the aggravated burglary. The district court found Scott's ineffective assistance of counsel claims challenging the sexual battery conviction unexhausted and procedurally barred from federal habeas review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott – now represented by counsel – seeks a certificate of appealability (COA) to appeal the district court's dismissal of his petition.

Scott has not shown that reasonable jurists would find debatable or incorrect the district court's untimeliness ruling regarding his unauthorized entry convictions.[1]  Scott's motion for a COA is denied with respect to those claims.

On the other hand, Scott argues that – due to a resentencing – his federal petition was timely regarding his conviction for aggravated burglary.  We hold that reasonable jurists would find the district court's timeliness determination here to be debatable or incorrect.  The debate would focus on whether the district court erred in calculating the date on which the aggravated burglary judgment "became final" for the purposes of 28 U.S.C. § 2244(d).

The Supreme Court has explained that "[f]inal judgment in a criminal case means sentence.  The sentence is the judgment."[2]  The record indicates that Scott's sentence for the aggravated burglary did not become final until May 2005, but the district court found that the limitations period began to run in March 2004 – when the conviction became final.  Scott thus raises a debatable procedural question.  Because he also raises several substantive constitutional issues (including involuntariness of guilty plea) underlying his aggravated burglary conviction and sentence, he has made the necessary showing to obtain a COA.[3]

---

[1] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[2] *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citation and quotation marks omitted).

[3] *See Slack*, 529 U.S. at 484 ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004) ("Assume that petitioner has stated a 'debatable' issue concerning the correctness of the district court's procedural denial of habeas relief.  Then, if the district court pleadings, the record, and the COA application

Scott further argues that the district court erred in finding his ineffective assistance of counsel claims procedurally defaulted in his sexual battery case. The district court ruled that Scott had not raised the claims in state court. Here again reasonable jurists might debate or disagree, insofar as Scott's ineffective assistance claim relates to the all-white composition of his jury.

"To exhaust available state court remedies, a habeas petitioner must fairly present all the claims in his habeas corpus petition to the highest available state court, alerting the court to the federal nature of his claim. A prisoner fairly presents a claim to the state court when he . . . alleges a pattern of facts that is well within the mainstream of constitutional litigation."[4] Scott may have done so here, handwriting in his application for state post-conviction relief – under the heading "Ineffective Assistance of Counsel" – "On February 12, 2003, my rights to a jury trial of my peers was violated. And I was wrongfully convicted due to same prior ineffective assistance of counsel Sherman Ruth that was ill prepared for my jury trial and inexperienced. And due to an all white jury selection." Reasonable jurists could debate whether Scott fairly presented in state court an argument that a failure to object to the jury composition on *Batson*[5] grounds contributed to his lawyer's ineffectiveness.

To sum up, we GRANT Scott a COA on two issues: (1) whether Scott timely filed his federal petition regarding his aggravated burglary judgment; and (2) whether in his sexual battery case Scott procedurally defaulted his ineffective assistance claim relating to *Batson*.

COA GRANTED IN PART, DENIED IN PART.

---

demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation, a COA will issue.").

[4]*Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005) (citations and quotation marks omitted).

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986).