# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

No. 12-51017
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN SERRANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-318

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adrian Serrano, federal prisoner # 66102-280, moves in this court for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion as time barred. In his § 2255 motion, Serrano challenged his guilty plea conviction for conspiring to import more than 500 grams of methamphetamine, for which he was sentenced to 144 months of imprisonment. He alleged that he was denied effective assistance of trial and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate counsel and that, despite promises of immunity, the Government used his statements to secure the indictment against him.

Reasonable jurists would debate or find that the district court erred in sua sponte dismissing the § 2255 motion as time barred without giving the parties notice and an opportunity to present their positions on the issues of timeliness and equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209-210 & n.11 (2006); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether [Serrano] has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Accordingly, Sosa's motion for a COA is GRANTED; his motion for appointment of appellate counsel is DENIED as unnecessary; the district court's judgment dismissing the motion as untimely is VACATED and the matter is REMANDED for further proceedings consistent with *Day*. *See id.*; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).