# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50534

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Plaintiff-Appellee

Lyle W. Cayce
Clerk

v.

HUGO ROBERTO ESTRADA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:13-CV-94

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hugo Roberto Estrada, federal prisoner # 80887-280, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion. Estrada pleaded guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana.

To obtain a COA, Estrada must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits, a COA will be granted if the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

movant shows that reasonable jurists would find the district court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A movant satisfies this standard by showing that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). That threshold inquiry does not require a showing that the appeal will succeed. *Id.*

Estrada argues, as he did in the district court, that counsel rendered ineffective assistance by failing to advise him of his constitutional right to a speedy trial and by failing to file a motion to dismiss based on speedy-trial grounds. He also contends that the district court erroneously construed his ineffective assistance claim as based on a purported violation of the Speedy Trial Act. He argues that his claim is founded on the Sixth Amendment right to a speedy trial and is not, as the district court determined, based on any statutory ground. Finally, he asserts that the district court erred by failing to hold an evidentiary hearing.

To the extent that the district court construed Estrada's ineffective assistance claim as based on an alleged violation of the Speedy Trial Act, the district court's ruling is debatable by reasonable jurists. *See Slack*, 529 U.S. at 484. Estrada's § 2255 motion and brief in support indicate that his ineffective assistance claim was based on a purported violation of his Sixth Amendment right to a speedy trial. The district court did not distinguish between a claim under the Speedy Trial Act and a constitutional speedy trial claim.

However, even if the district court's ruling is debatable, we can only grant a COA "if reasonable jurists would find it debatable that the petition

states a valid claim of the denial of a constitutional right." *Houser v. Dretke*, 395 F.3d 560, 561 (5th Cir. 2004). The Sixth Amendment guarantees a defendant the right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The constitutional right to a speedy trial attaches when a person is arrested, indicted, or otherwise formally charged. *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003). To determine whether the right to a speedy trial has been denied, a court must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy-trial rights; and (4) the prejudice to the defendant resulting from the delay. *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008) (citing *Barker*, 407 U.S. at 530).

The record reflects that there was an approximately 25-month delay between the time when the indictment was returned and when Estrada was arrested. As a general rule, we presume a 12-month delay between indictment and trial to be prejudicial, thus requiring consideration of the other *Barker* factors. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993). Turning to the next factor, the record is inconclusive as to the reasons for the delay between indictment and arrest. The presentence investigation report, however, appears to indicate that Estrada was under surveillance at various points after his indictment but before his arrest. At the very least, there is some question as to whether the Government "diligently pursue[d] [Estrada] from indictment to arrest." *See United States v. Bishop*, 629 F.3d 462, 466 (5th Cir. 2010). Further, the record also reflects that Estrada may have been prejudiced by the delay. Specifically, the record shows that Estrada's sentence may have been based upon drug quantities that were seized after the June 2009 indictment. The foregoing analysis is intended only to demonstrate that based on the record, the issues presented were adequate to deserve encouragement to

proceed further.  *See Slack*, 529 U.S. at 484.  We express no view on the merits of Estrada's constitutional claim.

Because the district court did not expressly address Estrada's Sixth Amendment claim that counsel was ineffective for failing to advise him of his right to a speedy trial and by failing to file a motion to dismiss based on constitutional speedy-trial grounds, reasonable jurists could agree that the issue of counsel's effectiveness is "adequate to deserve further encouragement." *Id.*  Accordingly, a COA is GRANTED on that issue.  Because the district court did not expressly address Estrada's claim that counsel was ineffective for failing to discuss or pursue the constitutional speedy-trial claim, we VACATE the judgment of the district court and REMAND for consideration of the issue and, if necessary, an evidentiary hearing.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).