# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10940

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Plaintiff-Appellee

Lyle W. Cayce
Clerk

v.

MICHAEL KINCAID,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2905
USDC No. 3:12-CR-261-2

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Kincaid, federal prisoner # 45049-177, moves for a certificate of appealability (COA) to challenge the denial of his 28 U.S.C. § 2255 motion as time barred. In his § 2255 motion, Kincaid challenged his conviction for conspiracy to commit healthcare fraud and sentence of 60 months of imprisonment on the grounds of ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10940

Reasonable jurists would find that the district court erred in sua sponte dismissing Kincaid's § 2255 motion as time barred without giving the parties notice and an opportunity to address the timeliness of his motion. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Accordingly, Kincaid's motion for a COA is GRANTED; his motion for leave to proceed in forma pauperis is GRANTED; the district court's judgment dismissing his § 2255 motion as untimely is VACATED; and the matter is REMANDED for further proceedings consistent with *Day*. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).