# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10949

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit
**FILED**
March 31, 2016
Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

STANLEY THAW,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2920
USDC No. 3:12-CR-261-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Stanley Thaw, federal prisoner # 45050-177, moves for a certificate of appealability (COA) to challenge the denial of his 28 U.S.C. § 2255 motion as time barred. In his § 2255 motion, Thaw challenged his conviction for conspiracy to commit healthcare fraud and sentence of 60 months of imprisonment on the grounds of ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10949

Reasonable jurists would find that the district court erred in sua sponte dismissing Thaw's § 2255 motion as time barred without giving the parties notice and an opportunity to present their positions on the issues of timeliness and equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Accordingly, Thaw's motion for a COA is GRANTED; his motion for leave to proceed in forma pauperis is GRANTED; the district court's judgment dismissing his § 2255 motion as untimely is VACATED; and the matter is REMANDED for further proceedings consistent with *Day*. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).