# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-31092

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2016

Lyle W. Cayce
Clerk

Plaintiff–Appellee,

versus

LLOYD E. CURRY, Also Known as Lloyd Ellis Curry, Also Known as Slugger,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-968

\* \* \* \* \* \* \* \* \*

No. 16-30712

In re: LLOYD E. CURRY, also known as Lloyd Ellis Curry,

Movant.

Motion for an Order Authorizing
the United States District Court
for the Eastern District of Louisiana
to Consider a Successive 28 U.S.C. § 2255 Motion

No. 15-31092
No. 16-30712

Before SMITH, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lloyd Curry, federal prisoner # 31442-034, moves for a certificate of appealability ("COA") to appeal the denial of a 28 U.S.C. § 2255 motion challenging his sentence under the Armed Career Criminal Act ("ACCA") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). In a separate case, he moves for authorization to file a second or successive § 2255 motion raising the *Johnson* claim. IT IS ORDERED that the cases are CONSOLIDATED and that the motion for authorization is DENIED as unnecessary.

We agree with the government and Curry that his Louisiana conviction of aggravated flight from an officer no longer qualifies as a predicate offense under the ACCA in light of *Johnson*. A COA is GRANTED because reasonable jurists would debate the district court's ruling that *Johnson* does not apply retroactively to cases on collateral review, *see Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), and further would debate whether Curry has stated a valid claim of a constitutional deprivation, *see Johnson*, 135 S. Ct. at 2557; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004); 18 U.S.C. § 924(e); LA. REV. STAT. ANN. 14:108.1(C), (D) (2006). The unopposed motion to vacate the judgment denying § 2255 relief and to remand for the district court to consider the merits of Curry's *Johnson* claim in the first instance is GRANTED. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). This action is VACATED and REMANDED. We express no opinion on what rulings the district court should make on remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.