# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20526

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2017

Lyle W. Cayce
Clerk

DANIELLE KEITH BURKS,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1861

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Danielle Keith Burks, Texas prisoner # 1779069, moves for a certificate of appealability (COA) to appeal the dismissal without prejudice of his 28 U.S.C. § 2254 application for failure to exhaust state court remedies. He also moves for appointment of counsel. Burks challenges his state conviction for tampering with evidence, for which he was sentenced to 30 years of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20526

A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court's denial of federal habeas relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Given the lack of evidence in the record as to the current state of Burks's state habeas proceedings and the district court's lack of findings as to whether the reason for a nearly three-year delay was justifiable, jurists of reason could question the district court's procedural ruling dismissing the federal petition for nonexhaustion. *See id.* In Burks's § 2254 petition, he has asserted several claims, at least some of which appear to facially assert a valid claim of the denial of a constitutional right. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004). We express no view at this time on the proper resolution of Burks's claims and observe only that he has made a showing sufficient to warrant a COA. *See id.*

Accordingly, Burks's motion for a COA is GRANTED, the district court's judgment dismissing the motion for failure to exhaust state court remedies is VACATED, and the matter is REMANDED for further factual development regarding whether the delay in considering Burks's state habeas application is justifiable and whether the state proceedings are progressing. *See id.*; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). If the delay is not justifiable and the matter has not progressed in the state courts, the district court shall proceed to consider the merits of the federal habeas petition. Burks's motion for appointment of counsel is DENIED.