# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-20492

————

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMEN HERNANDEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2075
USDC No. 4:13-CR-606-1

————

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carmen Hernandez, federal prisoner # 54281-379, seeks a certificate of appealability (COA) following the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1). Hernandez contends that reasonable jurists could debate the correctness of the district court's denial of his motion and grant of summary judgment for the Government without

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allowing him to respond to the Government's supplemental evidence as required by Rule 7(c) of the Rules Governing Section 2255 Proceedings.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted). If a district court has rejected the claims on their merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484.

Reasonable jurists could debate whether the district court erred by dismissing Hernandez's § 2255 motion without allowing him the opportunity to admit or deny the correctness of the materials. *See* Rule 7(c). Further, Hernandez has shown that reasonable jurists could debate the district court's denial of his constitutional claims while several factual issues remained in dispute. *See* FED. R. CIV. P. 56(a); *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999); *cf. Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004); *see also Bumper v. North Carolina*, 391 U.S. 543, 548-49 (1968) (the burden of proving consent to a search "cannot be discharged by showing no more than acquiescence to a claim of lawful authority.").

"The usual procedure after this court grants a COA is for the appeal to proceed to full briefing by all parties." *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Where, however, "the sole issue before us . . . is indisputably resolved by the petitioner's COA application and the record . . . further briefing on that issue [is] unnecessary." *Id.* (vacating judgment and remanding). Here,

No. 16-20492

it is clear from the record that Hernandez was not granted an opportunity to review the Government's supplemental evidence as required by Rule 7(c). The district court dismissed the case two days after receiving the Government's supplement. The record reflects no response from Hernandez, and no response is referenced in the order of dismissal. We therefore find that the district court abused its discretion by not following the Rule 7(c) procedure. *See In re Liljeberg Enterprises, Inc.*, 304 F.3d 410, 433 n.43 (5th Cir. 2002) (denial of motion to expand record is reviewed for abuse of discretion).

Accordingly, Hernandez's motion for a COA is GRANTED, the district court's judgment of dismissal is VACATED, and the matter is REMANDED to allow Hernandez to admit or deny the correctness of the materials in accordance with Rule 7(c).