# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10093

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

RONNIE LEE ALLEN,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-659

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ronnie Lee Allen, Texas prisoner # 01697664, was convicted of aggravated robbery with a deadly weapon and sentenced to life imprisonment. Allen moves for a certificate of appealability (COA) to appeal the district court's denial of his petition under 28 U.S.C. § 2254. He has also filed a motion to proceed in forma pauperis (IFP) on appeal. Allen argues that the district court erred in determining that his challenge to the admission of a handkerchief with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his DNA into evidence was unexhausted and procedurally barred.  He further argues that the district court erred in denying his claims of ineffective assistance of counsel.  He does not address the district court's analysis of his challenge to the sufficiency of the evidence; therefore, he has waived the issue. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

To obtain a COA, Allen must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a constitutional claim on the merits, the COA standard requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

The district court rejected Allen's challenge to the admission into evidence of a handkerchief with his DNA that was found at the scene of the robbery because it had not been "presented to the [Texas Court of Criminal Appeals], either through a petition for discretionary review or as a claim in his state habeas application."  As Allen points out, though, he raised the claim in his petition for discretionary review.  The district court's statement to the contrary was error.  Allen has therefore demonstrated that reasonable jurists would debate whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

A COA may still be denied, even where the district court's procedural ruling is debatable, if the petitioner's substantive claim is meritless.  *Houser*

No. 17-10093

*v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).  The record before the court in this case does not allow for a fair assessment of the merit of Allen's claim regarding the admission of the handkerchief; therefore, the grant of a COA as to the exhaustion ruling is appropriate.  *See id.*

Allen has shown that the district court's procedural ruling with respect to the admission of the handkerchief into evidence is debatable.  *See Slack*, 529 U.S. at 484.  Because the record is inadequate to fairly assess the merits of that claim, a COA is granted.  *See Houser*, 395 F.3d at 562.  A COA is denied for Allen's remaining claims.  Further, the district court's procedural ruling is vacated, and the case is remanded to the district court for consideration of Allen's claim of the denial of a constitutional right with respect to the admission of the handkerchief.  *See id.*  Allen's motion to proceed IFP is granted.

COA GRANTED in part; COA DENIED in part; IFP GRANTED; JUDGMENT VACATED in part and CASE REMANDED.