# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41161

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO H. RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CV-382
USDC No. 7:16-CR-333-1

Before JONES, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Eduardo H. Ramirez, federal prisoner # 08117-027, moves for a certificate of appealability (COA) to appeal the district court's dismissal without prejudice as premature of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana. He argues that (1) the district court erred in dismissing his § 2255 motion as premature because he did not file a notice of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal in this case; (2) the notice of appeal that he filed in a related case should have been construed as a notice of appeal in this case as well; and (3) his trial counsel was ineffective because he failed to file a notice of appeal in this case, despite Ramirez's request that he do so.

To obtain a COA, Ramirez must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When, as in this case, a district court denies relief based on procedural grounds, a COA should issue when a prisoner establishes, at least, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Ramirez has shown that reasonable jurists would debate whether the district court erred in dismissing his § 2255 motion without prejudice as premature based on a finding that he had a pending direct appeal. *See Gonzalez*, 565 U.S. at 140-41; *Slack*, 529 U.S. at 484. Ramirez appealed only case no. 7:12-CR-02018-002. He did not appeal case no. 7:16-CR-00333-1, the subject of the current § 2255 motion. Reasonable jurists would also debate whether he states a valid claim of the denial of a constitutional right concerning whether his trial counsel was ineffective. *See Houser*, 395 F.3d at 562; *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000); *see also United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007). Accordingly, we GRANT his COA motion on the issue whether the district court erred in dismissing his § 2255 motion without prejudice as premature. Further, because we conclude that additional briefing is not required, we VACATE the district court's judgment, and REMAND to the district court for further proceedings

No. 17-41161

consistent with this opinion. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); FED. R. APP. P. 24. However, we offer no opinion on the resolution of the merits of Ramirez's § 2255 motion. Ramirez's motion for leave to proceed in forma pauperis on appeal is also GRANTED.