# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50687

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PABLO ROBLES PARRA, also known as Jose Parra Robles, also known as Jose Parra, also known as Pablo Robles, also known as Pablo Parra, also known as Pablo Jose Robles-Parra, also known as Jose Pablo Parra-Robles, also known as Jose Robles, also known as Jose Robles-Parra, also known as Jose Parra-Robles, also known as Pablo Parra-Robles, also known as Pablo Jose Parra-Robles,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-122

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Pablo Robles Parra, federal prisoner # 41943-180, moves this court for a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Parra

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50687

filed his motion to challenge the 100-month sentence imposed following a conviction for conspiracy to possess with intent to distribute methamphetamine. The district court dismissed Parra's § 2255 motion for lack of jurisdiction on the basis that he had an appeal pending before this court. *See United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011).

Reasonable jurists would debate the district court's procedural ruling dismissing Parra's § 2255 motion as premature. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, Parra raises claims of ineffective assistance of counsel that, on their face, are not wholly meritless. Thus, reasonable jurists would debate whether Parra's § 2255 motion stated a valid claim of the denial of a constitutional right. *See Houser v. Dretke*, 395 F.3d 560, 561 (5th Cir. 2004) (If the procedural issue is debatable and, as to the substantive claims, the "materials [presented to the district court] are unclear or incomplete, then COA should be granted . . . .").

Accordingly, we grant a COA as to the district court's procedural ruling dismissing Parra's § 2255 motion as premature. We also conclude that further briefing is unnecessary. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Parra's § 2255 motion was not premature since the only appeal he had pending involved the appeal of an unauthorized motion. *See United States v. Robles Parra*, 752 F. App'x 196, 196-97 (5th Cir. 2019).

IT IS ORDERED that Parra's motion for a COA is GRANTED. The district court's judgment dismissing Parra's § 2255 motion is VACATED, and the matter is REMANDED to the district court for further proceedings. We express no opinion on the ultimate determination of habeas petition's merits.