# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-50604

United States of America,

*Plaintiff—Appellee*,

*versus*

Garry David Gallardo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-524

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Garry David Gallardo, federal inmate # 41571-080, is in custody pursuant to his 1987 and 2006 child pornography convictions. He appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release and also moves for a certificate of appealability (COA) to appeal the denial of his related Federal Rule of Civil Procedure 59(e) motion, which the district

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50604

court construed as a successive 28 U.S.C. § 2255 motion and dismissed for lack of jurisdiction. *See* § 2255(h). Gallardo also moves for leave to proceed in forma pauperis (IFP) on appeal as well as for release pending appeal.

We deny the motion to proceed IFP because Gallardo's appeal of the denial of his § 3582(c)(1)(A) motion is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Gallardo addresses neither the bases upon which he sought compassionate release in the district court—his age, chronic health conditions, and risk of contracting COVID-19; the district court's application of § 3582(c)(1)(A); nor its assessment the 18 U.S.C. § 3553(a) factors. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); § 3582(c)(1)(A). Moreover, we have previously rejected, as frivolous, Gallardo's assertion that federal courts lack jurisdiction to prosecute interstate child pornography offenses. *See United States v. Gallardo*, No. 94-50125, 1995 WL 71025, 1 (5th Cir. Jan. 24, 1995) (citing *Perez v. United States*, 402 U.S. 146, 150-51 (1971)). Consequently, we dismiss Gallardo's appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

To obtain a COA to appeal the denial of his Rule 59(e) motion, Gallardo must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by showing "at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Houser v. Dretke*, 395 F.3d 560, 561 (5th Cir. 2004). He fails to make the requisite showing, and, accordingly, we deny the motion for a COA.

No. 21-50604

Lastly, in light of the foregoing, we deny the motion for release pending appeal.

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR COA DENIED; MOTION FOR RELEASE PENDING APPEAL DENIED.