# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-60484

United States of America,

*Plaintiff—Appellee*,

*versus*

Erik Ivan Betancourt Olguin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CV-141
USDC No. 1:18-CR-30-1

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Erik Ivan Betancourt Olguin, federal prisoner # 20670-043, moves for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C § 2255 motion challenging his conviction and sentence for conspiracy to possess with intent to distribute methamphetamine. The district court sua

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60484

sponte dismissed Betancourt Olguin's § 2255 motion, in which he raised a claim of ineffective assistance of counsel, as time barred.

A COA may be issued only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a claim on procedural grounds, this court will issue a COA only if the movant "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Pursuant to a Supreme Court order dated March 19, 2020,[1] the deadline for Betancourt Olguin to file his petition for a writ of certiorari was extended to 150 days from this court's January 14, 2020 judgment affirming his conviction. *See United States v. Olguin*, 790 F. App'x 5 (5th Cir. 2020). Accordingly, Betancourt Olguin's judgment of conviction would have become final on June 12, 2020, and he would have had until June 12, 2021, to file his § 2255 motion; his § 2255 motion, filed on April 14, 2021, was therefore seemingly timely. *See* § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 532 (2003). Further, reasonable jurists could debate whether Betancourt Olguin's claim that his trial counsel rendered ineffective assistance by misadvising him during plea negotiations states a valid claim of the denial of a constitutional right. *See Houser v. Dretke*, 395 F.3d 560, 561 (5th Cir. 2004).

As Betancourt Olguin has made the necessary showing, we GRANT his motion for a COA. *See Slack*, 529 U.S. at 484; *Houser*, 395 F.3d at 561.

---

[1] *See* https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf.

No. 21-60484

Since further briefing is unnecessary, we VACATE the judgment of the district court and REMAND for further proceedings.