# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51036

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

JAMES ERIC LOFTEN,

Petitioner-Appellant

v.

COURT OF CRIMINAL APPEALS OF TEXAS – AUSTIN; LIBERTY
COUNTY JUDICIARY; STATE OF TEXAS,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-776

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM: [*]

Joseph Eric Loften, Texas prisoner # 616132, seeks a certificate of appealability (COA) to challenge the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2254 habeas petition based on it being a successive application barred by earlier sanction orders in other proceedings. Loften asserts that he is challenging for the first time his November 2013 conviction for possession of a controlled substance with intent to deliver and his 99-year term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51036

Reasonable jurists would debate whether the district court erred in dismissing Loften's habeas petition as successive and subject to the prior sanctions imposed against Loften in earlier proceedings challenging a different conviction or a finding of guilt in a disciplinary proceeding. Additionally, "the district court pleadings, the record, and the COA application demonstrate that reasonable jurists could debate whether the petitioner has made a valid claim of a constitutional deprivation." *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Accordingly, IT IS ORDERED that Loften's motion for a COA is GRANTED; his motion for leave to proceed in forma pauperis is GRANTED; the district court's judgment dismissing his § 2254 habeas petition as successive and barred by sanctions is VACATED; and the matter is REMANDED for further proceedings. *See Whitehead v. Johnson,* 157 F.3d 384, 387-88 (5th Cir. 1998). Loften's motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). His motion for an evidentiary hearing and for the issuance of a subpoena duces tecum and subpoenas for out-of-state witnesses is DENIED without prejudice to his filing the motion in the district court.